ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

16 JUL 22 PM 3:46

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTINA BRUFFY (2)<br>aka "Christine Bruffy" | NO. 3:16-cr-00242-M |

## PLEA AGREEMENT

Christina Bruffy, ("Defendant"), Cody L. Skipper, ("Defendant's attorney"), and the United States of America ("Government"), agree as follows:

1. **Rights of the Defendant**: Bruffy understands that she has the following rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have her guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in her defense; and

    e. against compelled self-incrimination.

2. **Waiver of Rights and Plea of Guilty**: Bruffy waives these rights and pleads guilty to the offense alleged in Count 3 of the indictment charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that is, distribution of a controlled substance. Bruffy understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose for Count 3 include:

    a. imprisonment for a period of not more than twenty years;

    b. a fine not to exceed $1,000,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of not less than three years, which is mandatory under the law and will follow any term of imprisonment. If Bruffy violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which Bruffy agrees will include restitution arising from all relevant conduct, and not limited to that arising from the offense of conviction alone;

    f. costs of incarceration and supervision; and

    g. forfeiture of property.

4. **Court's Sentencing Discretion and Role of the Guidelines**: Bruffy understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Bruffy has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Bruffy understands that she will not be allowed to withdraw her plea if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable advisory guideline range. Bruffy will not be allowed to withdraw her plea if her sentence is higher than expected. Bruffy fully understands that

the actual sentence imposed (so long as it is within the statutory maximum) is solely left to the discretion of the Court.

5. **Mandatory special assessment**: Bruffy agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's Agreement**: Bruffy shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Bruffy shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Bruffy expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate her ability to satisfy any financial obligation imposed by the Court. Bruffyfully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Bruffy agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Bruffy's full and immediately enforceable financial obligation. Bruffy understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Forfeiture of property**: Bruffy agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment and in any bills of

particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. Bruffy consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11, 32.2, and 43 of the Federal Rules of Criminal Procedure. Bruffy agrees to provide truthful information and evidence necessary for the Government to forfeit such property. Bruffy agrees to hold the Government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8. **Government's Agreement**: The Government will not bring any additional charges against Bruffy based upon the conduct underlying and related to her plea of guilty. The Government will dismiss, after sentencing, any remaining charges against Bruffy in the pending indictment. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Bruffy or any property.

9. **Violation of Agreement**: Bruffy understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Bruffy and others, for all offenses of which it has knowledge. In such event, Bruffy waives any

objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Bruffy also waives objection to the use against her of any information or statements she has provided to the Government, and any resulting leads.

10. **Voluntary Plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of Right to Appeal or Otherwise Challenge or Seek Reduction in Sentence**: Bruffy waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. she further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Bruffy reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of Counsel**: Bruffy has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. Bruffy has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Bruffy has

Plea Agreement - Page 5

concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[Remainder of page left intentionally blank]

13. **Entirety of Agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 19th day of July, 2016.

_____
RICK CALVERT
Deputy Criminal Chief

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
ANDREW O. WIRMANI
Assistant United States Attorney
Texas Bar No. 24052287
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: (214) 659-8600
Fax: (214) 659-8809
Email: andrew.wirmani@usdoj.gov

_____
CHRISTINA BRUFFY
Defendant

_____
CODY L. SKIPPER
Attorney for Defendant

Plea Agreement - Page 7

## CERTIFICATION

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     _7·19·2016_
CHRISTINA BRUFFY                 Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     Date _7/19/16_
CODY L. SKIPPER
Attorney for Defendant

Plea Agreement - Page 8